IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |
|---|---|
| **DEBORAH MORRIS,** | * |
| Plaintiff, | * |
| v. | * Civil Case No.: SAG-25-435 |
| **DONALD J. TRUMP,** *et al.*, | * |
| Defendants. | * |

## MEMORANDUM OPINION

Plaintiff Deborah Morris, who is self-represented, seeks a temporary restraining order to enjoin the activity of the recently established U.S. DOGE Service Temporary Organization ("USDS"). ECF 1. Plaintiff also seeks to proceed *in forma pauperis* in this case. ECF 2. This Court has reviewed her filing in light of her self-represented status and her emergency request for relief. *See* 28 U.S.C. § 1915(e)(2)(B). Plaintiff primarily takes issue with the Executive Order President Trump signed to create the DOGE organization, EO 14158, which she argues delegates substantial governmental authority to a private citizen, Elon Musk, in violation of the Constitution and other federal laws. Plaintiff believes that the Executive Order would authorize Defendant Musk to access her confidential, personal, and private information without her consent, and to revoke her Social Security benefits. Accordingly, she seeks declaratory and injunctive relief against Defendant Trump, in his official capacity, Defendant Musk, in his capacity as USDS administrator, and several other governmental agencies and officials (collectively, "Defendants"). On the present record, however, Plaintiff has not established that she has the personal stake necessary to establish standing. No hearing is necessary, *see* Loc. R. 105.6 (D. Md. 2023), and this Court will deny her motion and dismiss this lawsuit.

I.  **BACKGROUND**

The Court will derive the facts from the Complaint, and presume them to be true for purposes of resolving this motion.

On January 20, 2025, Defendant Trump signed an Executive Order establishing a "temporary organization" called "the U.S. DOGE Service Temporary Organization" ("USDS"). ECF 1 ¶ 1. Defendant Musk was named a "special government employee" and the administrator of the USDS. *Id.* ¶ 2. Through that role, Defendant Musk is permitted to access Plaintiff's confidential, personal, and private information. *Id.* ¶ 3. Defendant Musk's private company has received billions of dollars in government contracts in the past year. *Id.* ¶¶ 6–9. He has not complied with disclosure requirements. *Id.* ¶ 7. Defendant Musk has access to "high[ly] sensitive areas of the Federal Government" through his role. *Id.* ¶ 14.

Plaintiff believes that Defendant Musk's role as USDS administrator is part of a "conspir[acy]" with the other Defendants to "take[] over/seize control of all government IT systems." *Id.* ¶ 11. Likewise, she alleges that the "vagueness" of the Executive Order creating USDS allows Defendant Musk's "action and activities to go unchecked" and the USDS has "no legal limits or oversight." *Id.* ¶¶ 12–13. On February 2, 2025, the Secretary of the Treasury was directed to give Defendant Musk and other members of the Trump Administration (including DOGE employees) access to the Department of Treasury's "BFS" payment systems. *Id.* ¶ 15. Plaintiff believes the purpose of giving Defendants access to those systems is for the USDS to "block federal funds from reaching beneficiaries who do not align with the President's political agenda." *Id.*

Plaintiff has experienced "fears and anxiety" as a result of information she has seen about these activities, and has attempted to contact various agencies to assuage her fears. *Id.* ¶ 16. She

has encountered "barriers of telephone numbers that have become inaccessible or messages referring [her] to websites" that said, "sorry for the inconvenience." *Id.*

Plaintiff, who is an "elderly, disabled, retired worker and former business owner," filed this lawsuit on February 11, 2025. *Id.* ¶ 19. Although her Complaint is not model of clarity, it appears that she believes the above-described conduct violates the Civil Rights Act of 1964, the Privacy Act, the False Claims Act, and numerous Constitutional provisions.

## II.   ANALYSIS

Preliminary injunctive relief is an "extraordinary remed[y]…to be granted only sparingly and in limited circumstances." *MicroStrategy, Inc. v. Motorola, Inc.*, 245 F.3d 335, 339 (4th Cir. 2001) (citation omitted). To obtain a temporary restraining order, a movant must demonstrate that: (1) the movant is likely to succeed on the merits, (2) the movant will likely suffer irreparable harm in the absence of preliminary relief, (3) the balance of equities favors preliminary relief, and (4) injunctive relief is in the public interest. ***See*** *League of Women Voters of N.C. v. North Carolina*, 769 F.3d 224, 236 (4th Cir. 2014) (quoting *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008)); *Pashby v. Delia*, 709 F.3d 307, 320–21 (4th Cir. 2013) (movant must prevail on all factors).

This Court can begin and end its analysis with Plaintiff's standing, a necessary prerequisite to prevailing on the merits. "To ensure that the Federal Judiciary respects the proper—and properly limited—role of the courts in a democratic society, a plaintiff may not invoke federal-court jurisdiction unless he can show a personal stake in the outcome of the controversy." *Gill v. Whitford*, 585 U.S. 48, 65 (2018) (cleaned up). "A federal court is not a forum for generalized grievances, and the requirement of such a personal stake ensures that courts exercise power that is judicial in nature." *Id.*

To invoke federal jurisdiction, accordingly, a plaintiff must establish the three "irreducible" minimum requirements of Article III standing: (1) injury-in-fact, (2) causation, and (3) redressability. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992). "To establish injury in fact, a plaintiff must show that he or she suffered 'an invasion of a legally protected interest' that is 'concrete and particularized' and 'actual or imminent, not conjectural or hypothetical.' " *Spokeo, Inc. v. Robins*, 578 U.S. 330, 339 (2016) (quoting *Lujan*, 504 U.S. at 560).

Although Plaintiff has provided detailed allegations surrounding what she believes to be unlawful conduct at the highest levels of our government, she has not explained how that alleged conduct has injured or will injure her personally. Her Complaint is largely devoted to structural concerns about how she believes the federal government is currently operating. But "a generalized grievance against allegedly illegal governmental conduct" is not "sufficient for standing to invoke the federal judicial power." *United States v. Hays*, 515 U.S. 737, 743 (1995). In other words, Plaintiff is alleging that Defendants are not acting in accordance with the law in authorizing and operating the DOGE, and any injury from their actions, as Plaintiff has described them, would accrue to every citizen and would not be particularized to Plaintiff. To the extent that Plaintiff expresses concerns about her personal privacy and the potential disclosure of her information to the USDS, she has not provided any plausible allegation that her information actually has been disclosed or will be imminently.[1] The focal point of her Complaint, and the claims described

---

[1] Indeed, this Court is aware that the United States District Court for the Southern District of New York has issued a temporary restraining order to prohibit USDS from accessing "sensitive and confidential information" and payment systems held at Treasury. *State of New York v. Trump*, 25-cv-1144, ECF 6, 28 (S.D.N.Y. 2025). And there are cases pending in several districts, including this one, in which preliminary injunctions are pending. Although this Court cannot proceed in this case because Plaintiff lacks standing, her concerns are being addressed elsewhere.

therein, is her concern that the federal government is not operating in accordance with the law or democratic norms.

Although it is admirable that Plaintiff seeks to take such an active role in governance, she has not established the requisite personal injury for a federal court to be the right forum in which to do so. "[A]n asserted right to have the government act in accordance with the law is not sufficient, standing alone, to confer jurisdiction on a federal court." *Whitmore v. Arkansas*, 485 U.S. 149, 160 (1990). Because Plaintiff does not have standing, this Court is devoid of jurisdiction and must dismiss this case.

## III. CONCLUSION

For the reasons stated above, Plaintiff's motion to proceed *in forma pauperis*, ECF 2, will be denied, her motion for a temporary restraining order, ECF 1, will be denied, and the Complaint will be dismissed without prejudice, allowing Plaintiff to seek leave to re-file her claims should she sustain or face imminent particularized injury. A separate Order follows, which will close this case.

Dated: February 12, 2025

/s/
Stephanie A. Gallagher
United States District Judge